```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

```
  SAIM SARWAR,                      No. 1:20-cv-15724-NLH-KMW

              Plaintiff,

       v.                           OPINION

  GOPINATHJEE LLC,

              Defendant.
```

**ATTORNEYS**:

TRISTAN WADE GILLESPIE
600 BLAKENHAM COURY
JOHNS CREEK, GA 30022

    *Attorney for Plaintiff Saim Sarwar*

**HILLMAN, District Judge**

    This matter comes before the Court on a motion by Plaintiff Saim Sarwar ("Plaintiff") for default judgment.  Plaintiff's Amended Complaint asserts a claim against Defendant Gopinathjee LLC ("Defendant") for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA").  For the reasons outlined below, Plaintiff has not met his burden of establishing standing to bring a claim for injunctive relief under the ADA.  The Court will therefore deny Plaintiff's Motion for Default Judgment and grant Plaintiff leave to file a Second Amended Complaint curing the deficiencies outlined in this Opinion.

**Background**

Plaintiff, a New York resident, qualifies as an individual with disabilities under the ADA. (ECF No. 13 at ¶1). Plaintiff requires assistive devices to walk, such as a wheelchair or cane, and has limited use of his hands. Id. Therefore, when traveling he requires accommodations such as handicap accessible parking spaces close to the entrances of a facility, access aisles of sufficient width, amenities that are sufficiently lowered so that he can reach them, and doorways with proper clearance. Id. Plaintiff describes himself as a "tester" for asserting his civil rights and monitoring whether places of public accommodation and their websites are ADA-compliant. Id. at ¶2.

Defendant owns a place of lodging known as Budgetel Inn & Suites in Galloway, New Jersey, and is therefore required to comply with the ADA standards for places of public accommodation. Id. at ¶3, ¶6. Specifically, 28 C.F.R. § 36.302(e)(1) requires that:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

>    (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
>    (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
>    (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
>    (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Id. at ¶ 7.  28 C.F.R. §36.302(e)(1)(i)-(v).

Defendant, either by itself or through a third party, accepts online reservations for guest accommodations through http://www.budgetelinnsuitesatlanticcity.us/, https://www.ratedotels.com/, www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.agoda.com.  (ECF No. 17 at ¶2).  Plaintiff alleges that these websites are subject to the requirements of 28 C.F.R. §36.302(e) as the purpose of the websites are for members of the public to reserve accommodations and review information pertaining to them.  (ECF No. 13 at ¶9).  Plaintiff visited these websites in order to determine whether the hotel was

3

sufficiently accessible for him as a place of lodging and to ascertain whether the property met the requirements under the ADA. Id. at ¶ 10. However, Plaintiff was unable to make such an assessment because the websites did not identify or allow for reservations of accessible guest rooms or provide sufficient information regarding accessibility at the hotel. Id. Plaintiff claims that he planned to re-visit the websites at the end of the Covid crisis to select hotels for an upcoming trip and that he maintains a system to ensure that he revisits the online reservations system of every hotel he sues. Id. at ¶¶ 12-13. He maintains a list of the hotels he has sued with columns alongside each hotel, which he updates by entering the dates he visited and plans to re-visit the reservations systems. Id. at ¶ 13. When a judgment is obtained or a settlement agreement is reached, he records the date by which the websites must be made compliant and revisits on that date. Id. Plaintiff claims that because he remains continuously aware that the websites are non-compliant, it would be futile to revisit them unless he is willing to suffer additional discrimination. Id. at ¶14.

Plaintiff filed suit against Defendant on November 9, 2020, alleging infringement on his right to travel free of discrimination and deprivation of the information required to make meaningful choices for travel as a result of Defendant's

continued discrimination.  Id. at ¶15.  Plaintiff claims he has suffered and will continue to suffer injury as a result of Defendant's violations.  Id. at ¶16.  He seeks injunctive relief requiring Defendant to alter its listings on the subject websites pursuant to the ADA requirements or to close the websites until Defendant cures its violations, and attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.  Id. at ¶¶ 21 - 22.  Plaintiff filed the Amended Complaint against Defendant on January 16, 2021.  Defendant, despite being properly served with the Amended Complaint, has not filed an answer or otherwise defended itself in this matter.  On February 18, 2021, the Plaintiff filed a request for entry of default by the Clerk as to the Defendant, (ECF No. 16), which he then followed by filing the present Motion for Default Judgment, which Defendant has not opposed. (ECF No. 17).  The time for opposing the motion has since passed, and the motion is therefore ripe for adjudication.

## DISCUSSION

### I. Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff is alleging a federal cause of action under 42 U.S.C. § 12182(a) of the Americans with Disabilities Act.

### II. Legal Standards for Motion for Default

## A. Default

Before the Court can enter a default judgment, the Clerk must enter a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  The Clerk properly entered a default against Defendant on February 18, 2021.

## B. Default Judgment

The court is authorized to enter a default judgment on a plaintiff's motion against a properly served defendant who fails to file a timely responsive pleading.  Fed. R. Civ. P. 55(b)(2). Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  The decision to enter a default judgement is left to the discretion of the court; however, the Third Circuit has articulated its "preference that cases be disposed of on the merits whenever practicable."  Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir, 1984).

In assessing a motion for default judgment, the court should accept as true all well-pleaded factual allegations – other than those regarding damages - but is not required to accept the Plaintiff's legal conclusions.  Dempsey v. Pistol Pete's Beef N Beer, LLC, No. 08-5454, 2009 WL 3584597, at *3

6

(D.N.J. Oct. 26, 2009).  Three factors guide whether a default judgement should be granted: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct.  Chaberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  However, before determining whether a plaintiff is entitled to default judgment, the court must first review whether the complaint demonstrates a valid cause of action.  Richardson v. Cascade Skating Rink, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

**III.  Analysis**

As discussed above, Plaintiff here moves for default judgment on his ADA claim.  Title III of the ADA prohibits discrimination against individuals on the basis of disability in places of public accommodation and provides parties who have experienced disability discrimination with a private cause of action for injunctive relief.  42 U.S.C. § 12188 (a)(2).  To succeed on a claim under the ADA, the plaintiff must prove (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor, or operator.  Dempsey, 2009 WL 3584597, at *3 (citing Bowers v.

Nat. Collegiate Athletic Ass'n, 118 F. Supp. 2d 494, 514 (D.N.J. 2000)).

The first step in the Court's analysis of a motion for default judgment is a determination of whether Plaintiff has stated a valid cause of action.  Here, however, Plaintiff's Amended Complaint runs into a fundamental defect before the relevant factors for stating a valid ADA claim can even be addressed.  Article III of the United States Constitution limits the exercise of judicial power to cases and controversies. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013).  This Court can only reach the question of whether Plaintiff is entitled to the injunctive relief requested after it is satisfied that the Plaintiff has standing to bring this suit in the first place.  Dempsey, 2009 WL 3584597, at *3.

The Third Circuit has expressed that to establish Article III standing a plaintiff:

> (1) must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Ballentine v. United States, 486 F.3d 806, 814 (3d Cir. 2007).

8

Although a plaintiff must prove all three elements in order to establish standing, the injury-in-fact element is often determinative. Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir.2009). A concrete and particularized injury must be more than a violation of a statute or regulation – the plaintiff must have suffered a concrete injury. Laufer v. Aark Hospitality Holding, LLC, No. 20-5648, 2021 WL 486902 at *4 (D.N.J. Feb. 10, 2021). The Third Circuit has stated that to constitute actual or imminent injury, the harm must be distinct and personal to the plaintiff. Brown v. Showboat Atlantic City Propco, LLC, No. 08-5145, 2010 WL 5237855, at *8 (D.N.J. Dec 16, 2010) (citing Toll Bros., Inc., 555 F.3d at 138). The focus of the analysis should not be on whether the defendant violated the ADA, but rather on whether the plaintiff suffered an injury. Id. (citing Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 153 (3d. Cir. 1999)). Prior exposure to wrongful conduct is not sufficient for a claim for injunctive relief. Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).

Plaintiff's allegation that he plans to avail himself of the accommodations of the property satisfies the "concrete and particularized" prong of the injury-in-fact requirement. In a recent case also involving an ADA tester, Alberto Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City, the court determined that the plaintiff's alleged harm was not

9

concrete because the website's nondisclosure could only harm a person with disabilities who was actually looking for a place to stay, and the plaintiff did not allege any intent to do so.  No. 19-06090, 2019 WL 4894501 at *3 (D.N.J. Oct. 4, 2019).  Unlike that case, Plaintiff here has alleged his intent to avail himself of the property's accommodations, (ECF No. 13 at ¶¶ 11 - 12), and can thus show harm from Defendant's impeding his ability to make an informed decision.  Laufer, 2021 WL 486902 at *4.

However, in order to establish standing to pursue his requested injunctive relief, Plaintiff must also meet the additional threshold of establishing the likelihood of future injury.  This Court recently addressed a similar claim brought by another ADA tester plaintiff in Laufer v. Buena Motel Corp, in which it denied the plaintiff's motion for default judgment because her alleged plan to return to the websites "in the near future" was vague and conclusory, and therefore insufficient to show a likelihood of future harm.  No. 20-cv-06438-NLH-KMW, 2021 WL 2802214, at *4 (D.N.J. July 6, 2021).  This Court specifically determined that the Plaintiff's lack of any system to return to the websites to check for compliance and the lack of concrete plans to visit the actual property in the future made it implausible that she was likely to return to the

10

websites to check for ADA compliance or to avail herself of the property's accommodations.  Id.

Here, Plaintiff has claimed a system to revisit the websites to check for compliance.  However, his allegations are still insufficient to meet the requirements for standing for injunctive relief.  In order to satisfy the injury in fact requirement for injunctive relief under the ADA, Plaintiff must show a "real and immediate" threat of future injury.  Showboat Atlantic City Propco, LLC, 2010 WL 5237855, at *7.  To determine whether a threat of future injury is real and immediate, courts in this District have used a four-factor test centered on the plaintiff's likelihood to return to a place of public accommodation that evaluates: (1) plaintiff's proximity to the place of public accommodation; (2) plaintiff's past patronage; (3) definitiveness of the plaintiff's plan to return; and (4) plaintiff's frequency of nearby travel.  Id. at *8 (citing Dempsey, 2010 WL 2674436, at *4).  Here, factors (1), (2), and (4) do not definitively weigh towards or against the likelihood of future injury.  Plaintiff – a New York resident - is relatively proximate to Defendant's place of public accommodation in Galloway, NJ.  (ECF No. 13 at ¶3).  Plaintiff has not been to the physical location but was a patron of the websites that he claims are in violation.  (Id. at ¶10).  Plaintiff has not alleged any frequent nearby travel.

11

The factor that holds the most weight is whether the Plaintiff has definite plans to return to the Defendant's place of public accommodation, and this factor is determinative in the present case. Id. at *9. "'Some day' intentions - without any description of concrete plans, or indeed even any speculation of *when* the some day will be - do not support a finding of the 'actual or imminent' injury that our cases require." Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 (1992)(emphasis in original). A general expressed desire is not sufficient to meet the threshold required for standing, rather a plaintiff must show a definitive intent to return that encompasses specific plans. Showboat Atlantic City Propco, LLC, 2010 WL 5237855, at *10.

Courts within this District have recently denied similar motions for default judgment on injunctive relief claims by "tester" plaintiffs because they failed to demonstrate specific plans sufficient to establish a likelihood of future injury. See, e.g., Laufer, 2021 WL 486902 (holding that the plaintiff's general plan to revisit the websites and check for compliance was not sufficient to establish likelihood of future injury needed for standing). This District has also seen the same complaint brought by this Plaintiff against another defendant. Sarwar v. Bipin-Seth, Inc., No. 20-12744, 2021 WL 2850455, at *4 (D.N.J. July 9, 2021). In Sarwar, Plaintiff made identical

12

allegations to the ones in the present case: that he planned to "re-visit the hotel's online reservations system as soon as the Covid crisis is over" and that he "maintains a system to ensure that he revisits the online reservations system of every hotel he sues." (Sarwar v. Bipin-Seth, Inc., Case No. 20-12744, ECF No. 1, at ¶¶ 12, 13).  In both that case and the present one, he claimed a system to ensure that he revisited the websites: he would list the hotels that he had sued followed by columns in which he would enter the date on which the reservation systems had to be compliant if a judgment was obtained or a settlement had been reached.  (Id.)  The court in Sarwar v. Bipin-Seth, Inc. held that Plaintiff's plan to "re-visit the hotel's online reservation system as soon as the Covid crisis is over" constituted a vague "someday" allegation, preventing the court from drawing an inference that Plaintiff was likely to suffer future harm from the defendant's conduct.  2021 WL 2850455, at *4.  The court did not find that Plaintiff's system for re-visiting the hotel's reservation system was sufficient to overcome the non-specific nature of his plans to return to the websites or the physical property.  Id.

The Court here reaches the same conclusion.  As described, Plaintiff's Amended Complaint contains nearly identical factual allegations regarding future plans as the one he filed in Sarwar v. Bipin-Seth Inc., Case No. 20-12744.  (See ECF No. 13).  As in

13

Sarwar and Laufer, Plaintiff has not put forth any facts to make plausible his claim that he will return to the websites and suffer future harm: Plaintiff has not been to the property and has not sufficiently alleged concrete plans to go to the property, undermining his conclusory allegation that he intends to return to the websites for the purpose of availing himself of the property's accommodations. Plaintiff has alleged a system to return to the websites to check for compliance; however, this system does not reach the level of a definitive intent to return that encompasses specific plans. Showboat Atlantic City Propco, LLC, 2010 WL 5237855, at *10. His system does not specify a particular time when he plans to revisit the websites – only stating that he visits "multiple times prior to the complaint being filed" – and depends on receipt of a favorable judgment or settlement for Plaintiff to revisit and check for compliance in the future. (ECF No. 13 at ¶13). These plans fall short of the specificity required, and thus Plaintiff has failed to establish the likelihood of future injury required for standing for a claim for injunctive relief under the ADA.

Additionally, the Court will take judicial notice that Plaintiff has at least 25 pending actions across eleven federal districts with similar factual allegations. In re Hotel Booking Access for Individuals With Disabilities Litigation, No. 2978, 2021 WL 409560 (J.P.M.L. Feb. 5, 2021). Plaintiff's complaints

are similar to those mentioned in <u>Maurer v. GL Qichen Investment Ltd</u>, where another judge in this District - in finding the plaintiff lacked standing for injunctive relief under the ADA - noted that "Plaintiff's cases all follow a predictable pattern: a case is filed and shortly thereafter settled, leaving the Court uncertain whether each defendant's purported ADA violation was remedied or if Plaintiff ever returned to each defendant's location."  No. 20-20028, 2021 WL 2390049, at *3 (D.N.J. June 11, 2021).  The number of Plaintiff's actions across multiple states further reduces the likelihood that he actually plans to visit the places of public accommodation that he is suing and undermines his claims of future injury.

Plaintiff has therefore failed to demonstrate the likelihood of future injury needed to establish Article III standing to assert a claim for injunctive relief.  Accordingly, Plaintiff's motion for default judgment will be denied for lack of standing.  Importantly, "standing is a jurisdictional matter" which must be sufficiently established "to warrant [Plaintiff's] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf."  <u>In re Schering Plough Corp. Intron/Temodar Consumer Class Action</u>, 678 F.3d 235, 243-44 (3d Cir. 2012).  However, while Plaintiff's Amended Complaint as currently pled fails to establish standing, the Court recognizes that Plaintiff may still be capable of putting

15

forth sufficient factual allegations to demonstrate that he has standing to seek injunctive relief. The Court will therefore grant Plaintiff leave to amend his Amended Complaint to attempt to cure the deficiencies outlined in this Opinion and properly establish standing.

## **CONCLUSION**

For the reasons outlined above, Plaintiff's Motion for Default Judgment (ECF No. 17) will be denied without prejudice. The Court will direct Plaintiff to file a Second Amended Complaint within thirty (30) days, demonstrating Plaintiff's standing to pursue the injunctive relief requested here. If Plaintiff fails to do so, his Amended Complaint will be dismissed by the Court for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).[1]

An appropriate Order will be entered.

Date: July 27, 2021          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[1] On June 25, 2021, Plaintiff's counsel filed a document "seeking a status conference for this case" without explaining the reason for the request. (ECF No. 18). In light of the above decision, it does not appear that a status conference is necessary and Plaintiff's request, ECF No. 18, is therefore denied as moot. To the extent Plaintiff still believes a status conference is necessary, Plaintiff shall file a letter on the docket indicating such and stating the issues to be discussed during the conference.